RECEIVED
AUG 2 9 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY L. HATTEN and<br>WYNDEL EARL GOUGH | CIVIL ACTION NO. 13-386 |
| VERSUS | JUDGE TRIMBLE |
| BILLY A. BUSBICE, JR., TERRY CARR<br>and RUSTY PERRY | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court are two motions to dismiss filed by all defendants in the above-captioned case.[1] For the reasons expressed below, the court finds that both motions should be granted in part and deferred for further briefing in part.

I.  **Relevant Facts**

Plaintiffs, Gary L. Hatten ("Hatten") and Wyndel Earl Gough ("Gough") (collectively "Plaintiffs"), filed suit on February 4, 2013 in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana.[2] Plaintiffs named as defendants Bill Busbice, Terry Carr and Rusty Perry.[3]

Plaintiffs allege that Busbice is the owner of certain unspecified Deer Management Assistance Program ("DMAP") lands located in Winn Parish and that Carr worked for Busbice as his overseer. Plaintiffs allege that during a period of time commencing in October of 2010, Busbice and Carr conspired with defendant Perry, a Louisiana Department of Wildlife and

---

[1] R. 3, 6.
[2] R. 1-4.
[3] Id. at ¶ 1.

1

Fisheries officer, to have them surveilled, charged, arrested and detained for unauthorized deer hunting on Busbice's DMAP lands.

Plaintiffs relate that, after a series of surveillance investigations Perry obtained an arrest warrant as to each plaintiff from the Eighth Judicial District Court for the Parish of Winn, State of Louisiana, charging them with violation of LSA-R.S. 56:110B (hunting on DMAP lands without permission of the owner). Plaintiffs surrendered and were arrested on these warrants on or about December 30, 2011. Bills of Information were presented by the Winn Parish District Attorney on or about April 26, 2012, but all charges against plaintiffs were formally dismissed on October 24, 2012.

Plaintiffs assert that their arrest and detention for violation of R.S. 56:110B was unlawful and was conducted in violation of their due process rights. Specifically, plaintiffs assert that defendants lacked probable cause regarding the alleged violations and that the charges and arrest were undertaken maliciously. Plaintiffs also allege that defendants committed slander and libel against them in conjunction with these events.

Plaintiffs assert claims under the Louisiana state law, the Louisiana State Constitution, the United States Constitution via 42 U.S.C. § 1983. Defendants' motions for summary judgment are timely and, despite the passage of nearly three (3) months since their filing, are unopposed by plaintiffs.

II.     Rule 12(b)(6) Standard

Fed. R. Civ. P. 12(b)(6) provides for dismissal when a party fails to state a claim for which relief may be granted. In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true to 'state a claim for relief

that is plausible on its face.' "[4] A complaint is "plausible on its face" when the plaintiff pleads facts which, when assumed to be true for the purpose of the motion, demonstrate a legally cognizable claim.[5] The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6]

III.   Analysis

    A.  Jurisdiction

Plaintiffs filed suit in the Eighth Judicial District Court for the Parish of Winn, State of Louisiana on February 4, 2013.[7] Defendants timely removed the suit to this court on February 21, 2013, citing 28 U.S.C. § 1441.[8]  Specifically, defendants assert that plaintiffs' suit alleges violation of his federal constitutional rights and seeks redress under 42 U.S.C. § 1983.[9] Such claims do, as argued by defendants, fall under this court's federal question jurisdiction.

Although not addressed by defendants, our review of plaintiffs' complaint reveals the assertion of Louisiana statutory and constitutional law claims based on the same events giving rise to plaintiffs' federal claims.[10] Such state law claims are also proper under the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

[4] Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[5] Id.
[6] Iqbal, 556 U.S.
[7] R. 1-4.
[8] R. 1.
[9] Id. at ¶ 3.
[10] R. 1-4 at ¶¶ 15, 17, 18.

B. State and Federal False Arrest and Imprisonment Claims

Defendants assert that plaintiffs' state and federal false arrest and imprisonment claims fail as prescribed. Defendants point out that claims for false arrest and imprisonment under 42 U.S.C. 1983 are subject to the applicable state statute of limitations for personal injury which, in Louisiana, is one year pursuant to La. Civ. C. Art. 3492. Defendants further assert that federal law governs when plaintiffs' right of action accrued and, thus, when the prescriptive period began to run.

Section 1983 does not contain its own statute of limitations and, instead, relies upon the forum state's general personal injury statute of limitations.[11] Louisiana's general personal injury prescriptive period is found in its Civil Code Article 3492, which provides that delictual actions are subject to a liberative prescription of one year, commencing from the date of injury or damage.[12] In contrast, the date on which an action under § 1983 accrues is determined by federal law, which provides, generally, that accrual occurs when the plaintiff "knows or has reason to know" of the injury which forms the basis of the cause of action.[13] As applied to § 1983 claims for false arrest and imprisonment, whether paired with malicious prosecution claims or not, accrual is said to occur "at the time the claimant becomes detained pursuant to legal process."[14]

---

[11] Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985).
[12] Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989) citing Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
[13] Wallace v. Kato, 549 U.S. 384 (2007); Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008); Lavelle v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980) quoting Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975).
[14] Vidrine v. U.S., 2008 WL 4198547 (W.D. La. 2008) quoting Wallace, 549 U.S. at 397.

It is specifically alleged by plaintiffs that the arrest upon which their false arrest and imprisonment claims is based occurred on December 30, 2011.[15] It is also plainly established that plaintiffs' suit was filed on January 10, 2013.[16] Thus, the court agrees that plaintiffs' § 1983 claims for false arrest and imprisonment are prescribed as a result of this suit not having been timely filed. Such claims will be dismissed with prejudice.

Similarly, Louisiana law provides that a claim for false arrest and imprisonment accrues and, thus, prescription begins to run on the day of the arrest.[17] Accordingly, plaintiffs' Louisiana law claims for false arrest and imprisonment are also prescribed and will be dismissed with prejudice.

### C. Federal and State Malicious Prosecution Claims

Defendants next assert that plaintiffs' purported federal law malicious prosecution claims fail as a matter of law because the U.S. Constitution does not provide for a freestanding right to be free of malicious prosecution. Defendants are correct in this argument. In Deville v. Marcantel, the Fifth Circuit, citing its earlier ruling in Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003), reiterated that the federal Constitution does not provide this right.[18] Accordingly, any purported federal malicious prosecution claims by plaintiffs will be dismissed with prejudice.

In contrast, Louisiana law does provide a right of action for malicious prosecution when the following elements are shown: (1) the commencement or continuation of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the

---

[15] R. 1-4 at ¶9.
[16] R. 1-4, genererally.
[17] Whitsell v. Rodrigues, 351 F. Supp. 1042, 1045 (E.D. La. 1972) citing Meyers v. Edwards, 256 So.2d 337, 339 (La. App. 1 Cir. 1971).
[18] 567 F.3d 156, 169 (5th Cir. 2009).

original proceeding; (3) its bona fide termination in favor of present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.[19]

Defendants assert that all charges against plaintiffs were dismissed via La. C.C. P. Art. 619, which provides for a district attorney's discretionary dismissal of an indictment in whole or in part without the consent of the court. Defendants cite Louisiana case law which requires that the proceeding be concluded by a "bona fide termination," which excludes procedural dismissals under Art. 619.[20]

Plaintiffs' complaint alleges that "[o]n October 24, 2012, the District Attorney in and for the Eighth Judicial District Court, Louisiana, formally dismissed the charges…"[21] Similarly, defendants' motions assert that the dismissal was made pursuant to La. C.C.P. Art. 619.[22] As noted above, plaintiffs have not come forward to oppose the legal argument premised on La. C.C.P. Art. 619, leading the court to conclude that the dismissal was, indeed, as urged by defendants and, thus, insufficient as a "bona fide termination" of proceedings under applicable Louisiana law. Accordingly, plaintiffs' Louisiana law malicious prosecution claims will also be dismissed with prejudice.

**Slander and Libel Claims**

Although defendants' motions seek full dismissal of plaintiffs' complaint, the motions do not address plaintiffs' claims of slander and libel. For that reason, the court finds that complete dismissal is inappropriate at this time and will grant defendants' motions as to all claims except

---

[19] Jones v. Soileau, 448 So.2d 1268 (La. 1984); Hibernia National Bank v. Bolleter, 390 So.2d 842 (La. 1980).
[20] R. 6-1 at pp. 5-6 citing Deville v. Marcantel, 567 F.3d 156, 173 (5th Cir. 2009) quoting Jones v. Soileau, 448 So.2d 1268 (La. 1984).
[21] R. 1-4 at ¶ 11.
[22] R. 3-1 at p. 6; R. 6-1 at p. 6.

those for slander and libel, preserving those claims for further proceedings consistent with this ruling.

**Conclusion**

For the reasons expressed above, the court finds that defendants' motions to dismiss should be granted as to plaintiffs' federal and state false arrest and imprisonment claims on the basis of prescription. The court also finds that defendants' motions should be granted as to plaintiffs' purported federal law malicious prosecution claims, as no such cause of action exists under federal law. The court finds that defendants' motions should be granted as to plaintiffs' Louisiana law malicious prosecution claims based on the lack of "bona fide termination" in their favor. Finally, the court finds that defendants' motions should be denied regarding plaintiffs' claims for slander and libel because such claims were not addressed in the motions.

Alexandria, Louisiana
August 29, 2013

_____
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**